## UNITED STATES BANKRUPTCY COURT
### WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION

In re:                                    )
                                          )
LAUCH PAD, LLC d/b/a Syncrob.it,          )        CASE NO. 23-31798
                                          )
        Debtor.                           )        CHAPTER 11
                                          )

## MEMORANDUM OPINION

This matter comes before the Court on the Motion for Order Amending Claim and Related Relief [Doc. No. 232] (the "Motion") filed by Pemberton Interests LLC ("Pemberton"). GoldFi, LLC ("GoldFi") filed an Objection [Doc. No. 237] to the Motion. The Court conducted a hearing on the Motion on January 13, 2026. For the reasons set forth herein, the Court will deny the relief requested by Pemberton.

## Background

On August 3, 2023, Launch Pad, LLC (the "Debtor") filed its voluntary small business Chapter 11, Subchapter V, bankruptcy petition in the Western District of Kentucky. The Debtor did not list Pemberton or GoldFi as creditors in the Debtor's bankruptcy petition or creditor matrix. On August 22, 2023, the Debtor filed a motion to set a deadline for the filing of proofs of claims [Doc. No. 15]. The Court granted this motion on August 24, 2023 [Doc. No. 16] and set October 31, 2023, as the deadline to file general non-priority unsecured claims.

Over six months after the bar date, on May 6, 2024, GoldFi filed a proof of claim in the above-captioned proceeding, Claim Number 893. GoldFi's proof of claim form was signed by Jonathan Weaver as President of GoldFi and indicated that the Debtor owed GoldFi $202,828. [Proof of Claim 893-1.] The basis of the claim was stated as "Debtor sold defective goods to buyer." (*Id*.) GoldFi attached an invoice to its proof of claim wherein the Debtor billed "GoldFi

1

LLC" the claimed amount. (*Id.*) The invoice further indicated that the invoiced amount was paid to the Debtor on April 21, 2021. (*Id.*)

On June 28, 2024, GoldFi filed a Motion for Order Extending the Time to File Late Proofs of Claim and Allowing the Filing of Proof of Claim #893 [Doc. No. 196]. In this motion, GoldFi indicated that it had never received notice of the Chapter 11 filing or the order setting the deadline to file proofs of claims. The Debtor objected to GoldFi's motion [Doc. No. 203]. After a hearing, the Court granted GoldFi's motion by Order entered August 8, 2024 [Doc. No. 207] stating that "GoldFi's POC is deemed an allowed unsecured, nonpriority, claim in the amount of $202,828 subject to future substantive objection by the Debtor."

GoldFi amended its original Claim Number 893 on August 7, 2024, August 26, 2024, and February 4, 2025 (collectively, "Claim #893"). The August 7, 2024 amendment included attachments that indicate GoldFi claimed the Debtor sold it devices, "helium miners," that did not function. Thus, effectively, GoldFi indicated it was alleging a litigation claim against the Debtor for return of the purchase price for the devices. The purpose of the subsequent two amendments is not apparent from the face of the claim forms, but the claimed amount remained in the allowed amount of $202,828 per the Court's August 8, 2024 Order.

Over one year after the Court entered the August 8, 2024 Order allowing GoldFi's Claim #893, on November 7, 2025, Pemberton filed the Motion currently before the Court. In the Motion, Pemberton asserts that it is the actual owner of the claim asserted by GoldFi that is the subject of Claim #893. Pemberton also asserts that the claim at issue is based on the failure of equipment sold by the Debtor.

In the Motion, Pemberton alleges that Pemberton, not GoldFi, was the entity that purchased and owned the equipment and thus Pemberton owns the claim for the equipment's failure.

Pemberton further asserted it was not identified as a creditor in the Debtor's Chapter 11 bankruptcy and, as a result, it did not receive notice of the bankruptcy filing or the deadline for filing proofs of claim. Pemberton argues that this Court should order Claim #893 be deemed amended to reflect Pemberton as the "owner" of the claim and should also, in the interim, stay any distribution on the claim until the ownership issue is resolved.

Pemberton supported its Motion with several sworn declarations. The first is from Vanessa Swarovski, the founder and sole member of Pemberton. She avers that the facts stated in the Motion are true and correct to the best of her knowledge and belief. A separate exhibit is Ms. Swarovski's bank statement reflecting a $202,828 wire transfer directly to the Debtor on April 21, 2021.

The second declaration is from Marshall Hobby, one of the four founders of GoldFi. According to that declaration, the founders of GoldFi entered into an agreement (the "Business Agreement") with Pemberton on or about April 16, 2021. Mr. Hobby further states that the intent of the Business Agreement and the intent of the parties to it was that Pemberton would purchase the equipment from the Debtor for $202,828. According to Mr. Hobby, consistent with the Business Agreement, Pemberton purchased the equipment from the Debtor, paying $202,828, and he believes Pemberton owned that equipment at all times during GoldFi's attempted use of it. Finally, Mr. Hobby believed that Mr. Weaver, another founder of GoldFi, demonstrated hostility toward Ms. Swarovski and the other GoldFi members. As such, Mr. Hobby believes that if Mr. Weaver receives funds on behalf of GoldFi, he will not direct those funds to Pemberton as required in the Business Agreement.

The third declaration is from Michael Lorello, another of the GoldFi founders. His declaration mirrors Mr. Hobby's declaration.

3

Pemberton also attached a copy of the Business Agreement between Pemberton and GoldFi signed by the four members of GoldFi and Ms. Swarovski for Pemberton. According to that Agreement, Pemberton agreed to purchase the equipment for $202,828. In return, GoldFi would maintain and oversee operations pertaining to the mutual operations between GoldFi and Pemberton. Proceeds were to be split evenly.

Finally, Pemberton attached an invoice from the Debtor dated April 16, 2021. This invoice indicates that GoldFi was billed $202,828. The invoice number is listed as "45 - GoldFi LLC." This invoice is identical to the invoice attached by GoldFi in support of Claim #893.

As stated above, GoldFi objected to the Motion [Doc. No. 237]. GoldFi argues the Motion should be denied for multiple reasons. It asserts that this court is an improper forum for a dispute between creditors, or more specifically a creditor and a potential creditor of that creditor, who may hold an unasserted Texas state law claim. GoldFi notes that the invoice attached to Pemberton's motion was billed to GoldFi, and thus GoldFi is the proper party in interest for any disputes with the Debtor related to the invoice. GoldFi asserts that Pemberton is not a creditor of the Debtor because it has no privity in contract with, or direct claim against, the Debtor. Instead, GoldFi contends that Pemberton is either a business partner or a creditor of GoldFi. Finally, GoldFi alleges Pemberton could have attempted to file its own proof of claim against the Debtor but instead chose to file the Motion.

The Court conducted a hearing on the Motion on January 13, 2026. At that hearing, the Court expressed its reservation regarding the Motion and its belief that it lacked jurisdiction to grant the relief requested by Pemberton. The Court directed the parties to brief that issue. The parties complied with the Court's directive as follows: Pemberton Supplemental Brief [Doc. No. 250], GoldFi Supplemental Brief [Doc. No. 251], Pemberton Reply Brief [Doc. No. 254], and

4

GoldFi Reply Brief [Doc. No. 253]. This matter is now ripe for adjudication.

**Analysis**

Pemberton is correct that this Court has the jurisdiction to adjudicate an objection to the allowance of a proof of claim. 28 U.S.C. § 157(b)(2)(B). But the question before the Court is not whether the bankruptcy court can adjudicate claim objections. Pemberton filed this Motion as a motion to amend. Pemberton then argued the Motion as a claim objection. But in its essence, the Motion is a dispute over ownership of a claim against the Debtor. Thus, the question before the Court is whether the Court can adjudicate a third party's claim against a creditor who holds a claim against a debtor. The Court requested additional briefing regarding jurisdiction because it appeared that the matter raised by the Motion is not in the nature of a claim objection but is instead a dispute between two non-debtor parties: a party, GoldFi, who contracted directly with the Debtor, and a party who financed that transaction, Pemberton.

**I.      This Proceeding Is Not in the Nature of a Claim Objection under Bankruptcy Rule 3007.**

Pemberton originally styled its motion as one to "amend" a claim. Pemberton relied on one case in its motion, *In re Laura Cantor*, No. 22-10406, 2024 Bankr. LEXIS 152 (Bankr. D.N.J. Jan. 23, 2024), not for the proposition that a non-filer can amend another party's claim, but to support the broad proposition that the Court can decide a dispute over who owns a claim. First, Pemberton provides no authority for a party to amend another party's proof of claim and the Court finds none. Thus, the Court finds no basis or authority for Pemberton to amend GoldFi's claim.

Second, *Laura Cantor* is inapplicable to the ownership at issue in the Motion. In *Laura Cantor*, the debtor asserted that it owned a proof of claim that the debtor had filed in related bankruptcy proceedings in a neighboring state. Thus, the sole issue was who owned the proof of claim <u>filed by the debtor</u>. The question was not a dispute between two creditors, but rather a dispute

5

between the debtor and other parties regarding whether a claim was property of the debtor's estate. Unlike the circumstances in *Laura Cantor*, the issue presented here is not a property of the estate question, nor is the Debtor involved. As such, that case is distinguished from the matter before this Court.

In its supplemental briefing, Pemberton now relies on its statement that the Court could consider its Motion as a claim objection governed by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3007. Claim #893, however, was already allowed by the Order entered on August 8, 2024. GoldFi filed Claim #893 after the proof of claim deadline. As a result, GoldFi moved to extend the claim deadline [Docket No. 196]. GoldFi also moved to allow the claim. After objection by the Debtor and a hearing, the Court granted GoldFi's motion [Docket No. 207]. Thus, GoldFi holds an allowed claim, Claim #893, against the Estate. As a result of the order allowing the claim, Rule 3007 no longer applies in this proceeding, and at best, Pemberton has filed a motion to reconsider an order allowing or disallowing a claim under Bankruptcy Rule 3008.

## II. Pemberton Has Not Satisfied the Requisites for Claim Reconsideration Under Bankruptcy Rule 3008.

Pemberton did not assert Bankruptcy Rule 3008 as a basis for its Motion. In the interests of judicial economy, however, the Court will construe Pemberton's Motion as a motion to reconsider under Rule 3008.

First, Bankruptcy Rule 3008 only allows a "party in interest" to move to reconsider an order allowing a claim. Fed. R. Bankr. P. 3008; *In re Bennett*, 590 B.R. 156, 160 (Bankr. E.D. Mich. 2018). Pemberton, however, is not a party in interest in this bankruptcy case. Pemberton is not the Debtor, and Pemberton is not an entity that can show that it holds a claim against the Debtor. The documents of record, including those provided by Pemberton, reflect that as between the Debtor and any third party, the Debtor transacted with GoldFi. As such, any claim based upon

6

those transactions would belong to GoldFi, absent some later transfer of those claims. The record does not reflect any transfer of the claim by GoldFi to Pemberton. As such, Pemberton is not a party in interest.

Pemberton notes that while the Bankruptcy Code does not define "party in interest," the Sixth Circuit Bankruptcy Appellate Panel has described the term to include "those persons with a personal stake or pecuniary interest in the outcome of the controversy." *O'Donnell v. O'Donnell (In re O'Donnell)*, Nos. 04-8054, 04-8056, 2005 Bankr. LEXIS 862, at *14 (B.A.P. 6th Cir. 2005). Pemberton misreads the import of this case and the scope of the term "controversy." The primary issue in *O'Donnell* was whether a chapter 7 debtor may ever file an objection to a claim. *Id.* at *13–15. The Bankruptcy Appellate Panel did not address factual circumstances akin to those here, and Pemberton cites no law providing that a third party who is a creditor of a creditor is a "party in interest." Pemberton may have a personal stake against or pecuniary interest in a controversy with GoldFi, but it does not provide evidence in the record of a claim, and indeed did not file a claim, against the Debtor.

Pemberton also cites *Simon v. Miller* (*In re Miller Parking Co.*), 536 B.R. 197 (E.D. Mich. 2015), for the proposition that creditors can object to the claims of other creditors. In *Miller*, the bankruptcy court held that one unsecured creditor had standing to object to another unsecured creditor's claim. *Id.* at 202–03. The critical distinction between *Miller* and the case before this Court is that Pemberton has not filed a claim. It is not another creditor of the Debtor. *See In re Varat Enters., Inc.*, 81 F.3d 1310, 1318 n.8 (4th Cir. 1996) ("All creditors of a *debtor* are parties in interest." (emphasis added)). In addition, Pemberton does not object to GoldFi's claim or even want it disallowed. Instead, it objects to GoldFi having filed the claim in GoldFi's name, which is not an issue of allowance or disallowance, and does not make Pemberton a party in interest under

the circumstances of this case.

Rather, the record shows that Pemberton holds a potential claim against GoldFi. The affidavits of Mr. Lorello and Mr. Hobby state each of their beliefs that GoldFi will not direct any distributions from this bankruptcy case to Pemberton, presumably as required in the Business Agreement. These beliefs are insufficient to transfer ownership of a claim from a creditor to another party. Certainly, those beliefs are not sufficient to divest GoldFi of its claim, evidenced by a proof of claim that includes an invoice from the Debtor to GoldFi.

Finally, motions for reconsideration under Bankruptcy Rule 3008 must be filed within the time limits prescribed by Rule 60(b) as adopted by Bankruptcy Rule 9024. In addition, the movant must show sufficient cause for reconsideration. The Court will not address these elements of reconsideration because (i) Pemberton has not argued them and (ii) Pemberton is not a party in interest in the first instance.

### III.    The Court Does Not Have Jurisdiction to Determine a State Law Contractual Dispute Between Two Non-Debtor Parties.

Pemberton is asking this Court to adjudge a dispute between it and GoldFi based upon (i) a Business Agreement that does not involve the Debtor and (ii) the anticipation that GoldFi might breach that Business Agreement. That type of adjudication goes beyond this Court's jurisdiction. If Pemberton seeks to litigate its claims with GoldFi, it should initiate an action against GoldFi in an appropriate forum with jurisdiction to hear such a dispute. This bankruptcy court is not the appropriate forum.

District courts, and bankruptcy courts by referral,[1]  have original and exclusive jurisdiction

---

[1]      "Bankruptcy courts . . . derive their jurisdiction from the district courts." *Wasserman v. Immormino (In re Granger Garage, Inc.)*, 921 F.2d 74, 77 (6th Cir. 1990). A district court may refer its jurisdiction to the bankruptcy judges for the district, 28 U.S.C. § 157(a), and every district court in the country, including the Western District of Kentucky, has referred bankruptcy cases and proceedings to the bankruptcy courts by issuing a standing order of reference. Joint Local Rules of Civil Practice 83.12(a).

over "all cases under title 11." 28 U.S.C. § 1334(a). This is the jurisdiction over the debtor's "bankruptcy case itself." *Kirk v. Hendon (In re Heinsohn)*, 231 B.R. 48, 56 (Bankr. E.D. Tenn. 1999), *aff'd*, 247 B.R. 237 (E.D. Tenn. 2000). There is no question that this type of jurisdiction is not in issue with respect to Pemberton and GoldFi. In addition, bankruptcy courts, by referral, may exercise three other categories of jurisdiction over contested matters and adversary proceedings: civil proceedings "arising under title 11, or arising in or related to a case under title 11." 28 U.S.C. § 1334(b).

With respect to the first category, known as "arising under" jurisdiction, "[t]he phrase 'arising under title 11' describes those proceedings that involve a cause of action created or determined by a statutory provision of title 11." *Mich. Emp. Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1144 (6th Cir. 1991). The second category is "arising in" jurisdiction. "[A]rising in proceedings are those that, by their very nature, could arise only in bankruptcy cases." *Id.* at 1144. The Sixth Circuit has applied a "but for" test to determine whether there is arising in jurisdiction. *See Lowenbraun v. Canary (In re Lowenbraun)*, 453 F.3d 314, 321 (6th Cir. 2006) (finding jurisdiction because claims would not exist but for bankruptcy proceeding).[2]

The third category is "related to" jurisdiction. With respect to questions arising before confirmation of a plan of reorganization or the equivalent circumstances, the test for related to jurisdiction is whether the outcome of the proceeding could have any conceivable effect on the debtor's bankruptcy estate. *In re Pacor, Inc.*, 743 F.2d 984, 994 (3d Cir. 1984).[3] The Sixth Circuit

---

[2]    Generally speaking, arising in and arising under matters together comprise the "core proceedings" defined in 28 U.S.C. § 157(b)(2) in which bankruptcy courts may enter final judgments. *Wolverine Radio*, 930 F.2d at 1144 ("[S]ection 157 apparently equates core proceedings with the categories of 'arising under' and 'arising in' proceedings." (*quoting Wood v. Wood (In re Wood)*, 825 F.2d 90, 96 (5th Cir. 1987))).

[3]    A bankruptcy court may hear proceedings that are related to a bankruptcy case but must submit proposed findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c)(1). With the consent of all the parties,

9

has adopted the *Pacor* test, "albeit with the caveat that situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement." *Wolverine Radio*, 930 F.2d at 1142 (cleaned up); *see also Thickstun Bros. Equip. Co. v. Encompass Servs. Corp. (In re Thickstun Bros. Equip. Co.)*, 344 B.R. 515, 520 (B.A.P. 6th Cir. 2006) (stating that *Pacor* provides the "seminal definition" of related to proceedings).

This Court must examine the nature of the dispute in question to determine whether it falls under one of the three jurisdictional categories described above. This is not a difficult determination under the factual circumstances of this case. This is a dispute between two non-debtor entities, one a creditor of the Debtor and one a creditor of that creditor. The dispute between Pemberton and GoldFi does not involve a section of the Bankruptcy Code. Nor is it a dispute that could only arise in a bankruptcy case. Thus, the dispute between Pemberton and GoldFi does not arise in or under title 11. With respect to the third category, related to jurisdiction does not apply. First, this dispute could not have any conceivable effect upon the Debtor's bankruptcy estate in that the Debtor's obligation on Claim #893 and its amount is not in issue. Accordingly, even if this matter was properly presented to this Court as something other than a request to amend or correct a claim or as a claim objection, this Court does not have jurisdiction to grant the relief Pemberton is requesting.

## **Conclusion**

Pemberton is seeking to bypass litigation with GoldFi and go straight to collecting any distributions from the Debtor. Pemberton seeks this relief notwithstanding that it had no contractual relationship with the Debtor, effectively asking this Court to ignore the invoice supporting Claim #893 reflecting a debtor/creditor relationship between the Debtor and GoldFi.

---

a bankruptcy court may issue final orders in a related to proceeding. 28 U.S.C. § 157(c)(2).

Pemberton has no legal basis for the relief requested. Considering the invoice between the Debtor and GoldFi and the absence of a contractual relationship between the Debtor and Pemberton, this Court cannot find that Pemberton, not GoldFi, is the true creditor of the Debtor with respect to Claim #893 and amend or correct that claim. Pemberton may have claims, now or in the future, against GoldFi for a breach of the Business Agreement. Such a dispute, however, is not properly before this Court, and this Court's limited jurisdiction does not extend to a dispute between a creditor and a potential creditor of that creditor. A separate Order consistent with this Memorandum Opinion will be entered this same date.

Mary E. Naumann
United States Bankruptcy Judge
Dated: March 30, 2026

11

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LAUCH PAD, LLC d/b/a Syncrob.it, | ) | CASE NO. 23-31798 |
| | ) | |
| Debtor. | ) | CHAPTER 11 |
| | ) | |

## ORDER

Pursuant to the Court's Memorandum entered this date and incorporated herein by reference, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the Motion for Order Amending Claim and Related Relief filed by Pemberton Interests LLC [Doc. No. 232] is **DENIED**.

Mary E. Naumann
United States Bankruptcy Judge
Dated: March 30, 2026

1